IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD ANDRE CHRISTENSEN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Respondent. | No. 2:24-CV-0979-DMC-P<br><br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition for a writ of habeas corpus.  See ECF No. 1.

　　　　Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that Petitioner is not entitled to federal habeas relief.  In this case it is clear that Petitioner is not entitled to habeas relief because the petition challenges the conditions of his confinement and not the fact or duration of confinement.

/ / /

/ / /

/ / /

1

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.  See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

When a habeas corpus action is filed which states claims cognizable under § 1983, the district court may recharacterize the action as a civil rights action where the action is amenable to such recharacterization.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (en banc).  A habeas action is amendable to recharacterization when it names the correct defendants and seeks the correct relief.  See id.  If the district court is inclined to recharacterize a habeas action as a civil rights action, it may only do so after "notifying and obtaining informed consent from the prisoner." Id.

Here, Petitioner specifically states in the petition that the matter concerns "[j]ail or prison conditions." ECF No. 1, pg. 2.  For supporting facts, Petitioner alleges that jail officials are tampering with his meals.  See id. at 3.  Given that Petitioner is challenging the conditions of his confinement, the claim may not proceed under 28 U.S.C. § 2254.  The Court is not inclined to recommend that this matter be recharacterized as a civil rights suit under 42 U.S.C. § 1983

1 | because Plaintiff has not named a proper party as the defendant to such an action.

2 |     Based on the foregoing, the undersigned orders and recommends as follows:

3 |     1.    It is ORDERED that the Clerk of the Court is directed to randomly assign a
4 | District Judge to this case.

5 |     2.    It is RECOMMENDED that Petitioner's petition for a writ of habeas
6 | corpus, ECF No. 1, be summarily dismissed without prejudice.

7 |     These findings and recommendations are submitted to the United States District
8 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
9 | after being served with these findings and recommendations, any party may file written
10 | objections with the court.  Responses to objections shall be filed within 14 days after service of
11 | objections.  Failure to file objections within the specified time may waive the right to appeal.  See
12 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14 | Dated: May 22, 2024

                                            DENNIS M. COTA
                                            UNITED STATES MAGISTRATE JUDGE